79 So.2d 775 (1955)
George BROIC, alias George Broick, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division B.
April 27, 1955.
John R. Parkhill, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., John S. Lloyd, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The appellant was convicted of possessing and controlling, without license or authority, a narcotic, namely Cannabis sativa, commonly known as marijuana, contained in a cigarette and a half. He appealed from the judgment entered upon the verdict and urges this Court to reverse it on the sole ground that there was not sufficient evidence to prove that the appellant "knowingly or intentionally" possessed the drug because at the time of arrest he was drunk.
*776 Two facts were established beyond doubt: the possession by the appellant and his intoxication at the time of the discovery by the police. But we cannot presume, as appellant would have us, that it followed from the state of intoxication that he could not have been shown beyond a reasonable doubt to have possessed the contraband. The cigarette had not been lighted but the half-cigarette was the butt of a marijuana that had been partly consumed. A state narcotic inspector testified that it was customary with smokers of marijuana to preserve the butts which are known among the smokers as "roaches".
At the time of arrest the appellant had also on his person about two thousand dollars in one-hundred dollar bills.
To bolster his defense in the trial court and to support his position here, the appellant has referred to opportunities to "plant" the cigarettes upon his person. The only such opportunity that was described in the testimony with any definiteness arose the night before his arrest when he was in the company of a woman for five or six hours. A part of that time she wore his jacket. They visited a motel and then she unceremoniously departed in a "U-Drive-It" car they were using. He remembered that he had more than two thousand dollars in his pockets and that the money was in bills of one-hundred dollar denominations. He recalled the number of hours he spent with his companion and the arrangement he had made for rental of the car. So after he and his woman companion separated, but before he started, the next day, on the intense spree that ended with his arrest, it seems he had sufficient control of his faculties at least to be conscious of the contents of his pockets. True, he appeared not to have known just where he went and what he did the day of his arrest but his failure to recollect his goings on did not warrant a conclusion by the jury that this state of intoxication raised a reasonable doubt of his possession of the contraband.
The jury decided the matter and they did so in a manner that neither the trial court nor this Court is justified in disturbing. Cf. Land v. State, Fla., 59 So.2d 370. The crime was not one requiring proof of intent beyond a reasonable doubt to warrant conviction. Furthermore, the jury was justified in rejecting the plea that defendant was victimized because there might have been an opportunity for some one or other to place the cigarettes in his pocket while he was in a stupor. Even had other opportunities than the one we have described been offered there was no evidence whatever from which the jury could deduce that there was occasion or motive for the act such as revenge against the appellant or attempt by another to escape detection.
We find that the appellant's contention is not sustained.
The State challenges here the form of the sentence but inasmuch as no error was assigned properly presenting the point, we do not decide it.
Affirmed.
MATHEWS, C.J., DREW, J., and McNEILL, Associate Justice, concur.