OVERTON, Justice.
This case is before the Court on direct appeal from an order of a circuit court which inherently passed upon the validity of a statute. We have jurisdiction.[1]
The appellant was charged with a violation of section 409.325, Florida Statutes (1977), which prohibits the fraudulent failure to disclose a material fact used to determine eligibility for the food stamp program. Appellant moved to dismiss the information on the ground that the statute was unconstitutionally overbroad and vague. The appellant further contended that the Act constituted an unlawful delegation of legislative authority.[2] The motion to dismiss was denied, and the appellant pleaded nolo con-tendere, reserving his right to an appeal on the issue of the constitutionality of the statute.[3]
We recently considered the validity of section 409.325(2)(a), Florida Statutes, in State v. Rodriquez, 365 So.2d 157 (Fla.1978). In that case we stated that the provision of the statute that “ ‘[a]ny person who knowingly: (a) [u]ses, transfers, acquires, traffics, alters, forges, or possesses ... a food stamp ... in any manner not authorized by law is guilty of a crime. . ’ ” was “sufficiently definite to give reasonable notice that federal food stamp and United States Department of Agriculture regulations apply.” This made the warning of the conduct which was proscribed sufficiently definite to withstand a challenge that it was unconstitutionally overbroad and vague.
An examination of section 409.-325(l)(a) reveals that it suffers neither from vagueness nor overbreadth. A man of common intelligence knows that the statute’s proscription of fraudulently failing to disclose a “material fact” encompasses any fact which would affect eligibility for the program.[4] Accordingly, we hold that section 409.325(l)(a) is neither vague nor over-broad.
The appellant also contends that the statute constitutes an unlawful delegation of legislative authority. This argument is without merit. As we held in Rodriquez, the only federal law incorporated by section 409.325 is the federal law in existence when the statute was enacted.
For the foregoing reasons, the judgment of the circuit court is affirmed.
It is so ordered.
ENGLAND, C. J., and ADKINS, BOYD, HATCHETT and ALDERMAN, JJ., concur.
SUNDBERG, J., concurs in result only.

. Art. V, § 3(b)(1), Fla.Const. See Harrell’s Candy Kitchen, Inc. v. Sarasota-Manatee Airport Auth., 111 So.2d 439 (Fla.1959).

. A third contention, that the statute unconstitutionally requires imprisonment for debt, was not raised on appeal.

. See State v. Ashby, 245 So.2d 225, 228 (Fla.1971).

. Cf. State v. Knowles, 79 Wash.2d 835, 490 P.2d 113 (1971) (upholding the validity of the Washington welfare fraud statute).