384 So.2d 152 (1980)
Grace SANICOLA, Appellant,
v.
STATE of Florida, Appellee.
No. 55656.
Supreme Court of Florida.
May 22, 1980.
Jerome M. Rosenblum, Hollywood, for appellant.
Jim Smith, Atty. Gen. and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
ADKINS, Justice.
By direct appeal we have before us the constitutionality of section 409.325(1)(b), Florida Statutes (1977). We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
Appellant, hereinafter defendant, was charged with welfare fraud. Specifically, the state alleged she had failed to disclose her husband's employment in order to obtain state assistance in violation of section 409.325(1)(b), Florida Statutes (1977)
[One who f]ails to disclose a change in circumstances in order to obtain or continue *153 to receive under any such program aid or benefits to which he is not entitled or in an amount larger than that to which he is entitled, or who knowingly aids or abets another person in the commission of any such act is guilty of a crime and shall be punished as provided in subsection (5).
Defendant moved to dismiss the information on the basis that the statute was unconstitutionally vague and an unlawful delegation of power by the legislature to the Department of Health and Rehabilitative Services (HRS). Art. II, § 3, Fla. Const. Without comment, the trial court entered its order denying the motion to dismiss. Defendant later entered a plea of nolo contendere and specifically reserved the right to appeal the constitutional question. We affirm.
A statute will withstand constitutional scrutiny under a void-for-vagueness challenge if it is specific enough to give persons of common intelligence and understanding adequate warning of the proscribed conduct. Roth v. U.S., 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); Sandstrom v. Leader, 370 So.2d 3 (Fla. 1979). There should be sufficient clarity so that guesswork is not required to discern the prohibition. Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934). Defendant maintains that the phrase "change in circumstances" is vague because there is no indication as to the type of change required to trigger the statute. Defendant suggests that it would be helpful to know whether the change refers to alterations in financial status as opposed to other types of changes. Also, since there is no limitation that the change be material, it is possible to incur criminal liability for insignificant incidents. See State v. DeLeo, 356 So.2d 306 (Fla. 1978).
The state counters with the argument that when read in its entirety, chapter 409 makes it clear that the type of "changes in circumstances" which must be disclosed are those which affect eligibility for financial assistance. See, e.g., Riggins v. State, 369 So.2d 948 (Fla. 1979); § 409.185, Fla. Stat. (1977). We agree.
The statute prohibits non-disclosure of "a change in circumstances in order to obtain or continue to receive ... benefits to which he is not entitled." § 409.325(1)(b), Fla. Stat. (1977) (E.S.). Clearly the disclosure must be pertinent to the person's eligibility to receive or continue to receive assistance; otherwise the disclosure would have no effect and the prohibition would be meaningless.
The defendant next contends that the statute is an unconstitutional delegation of authority in violation of article II, section 3 of the Florida Constitution. By leaving the determination of what constitutes a "change in circumstances" to HRS, the legislature allegedly failed to set forth meaningful guidelines and standards. Dickinson v. State ex rel. Bryant, 227 So.2d 36 (Fla. 1969). As noted in the preceding paragraph, however, the statute must be construed to require disclosure of changes which relate to eligibility. The standards for eligibility are found elsewhere in chapter 409 and are not under attack here. It would be impossible for the legislature to anticipate each factual situation giving rise to a change necessitating disclosure. State v. Dye, 346 So.2d 538 (Fla. 1977).
The order of the trial court is affirmed.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.