ORFINGER, Judge.
Appellant contends that section 409.-325(1), Florida Statutes (1979)[1] under which she was charged with obtaining public assistance by fraud, is unconstitutionally vague and overbroad where it does not specify the time within which disclosure of a change in circumstances must be made so that the failure to do so will constitute a criminal act. Appellant pleaded nolo con-tendere to the charge, specifically reserving her right to appeal the denial of her motion to dismiss. We affirm.
The record reflects that appellant received aid for dependent children (AFDC) and food stamps during a period when she was gainfully employed and earning enough so as not to be entitled to such public assistance. She did not report her employment until several months later during an eligibility review.
“A statute will withstand constitutional scrutiny under a void-for-vagueness challenge if it is specific enough to give persons of common intelligence and understanding adequate warning of the proscribed conduct. ... There should be sufficient clarity so that guesswork is not required to discern the prohibition, (citations omitted).
Sanicola v. State, 384 So.2d 152 (Fla.1980).
The statute is clear. The failure to disclose the change of circumstances becomes a criminal act if it is done with intent to obtain or continue to receive public assistance to which the recipient is not entitled. Thus, under subsection (b) of the statute, the crime is complete immediately upon receipt of the assistance to which the recipient is not entitled because of such changed circumstances. The Department of Health & Rehabilitative Services, by directive made known to appellant when she applied for assistance, requires that a change of circumstances be made known immediately, but not later than ten days after receipt of the benefits, and this directive is not challenged here. The statute passes constitutional muster against the void-for-vague *1316 ness challenge. Appellant knew that her employment was a circumstance which did not entitle her to continue to receive public assistance, and when she accepted the benefits without reporting the change in circumstances, she violated the statute.
Affirmed.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.

. § 409.325(1), Fla.Stat. (1979):
Any person who knowingly:
(a) Fails, by false statement, misrepresentation, impersonation, or other fraudulent means, to disclose a material fact used in making a determination as to such person’s qualification to receive aid or benefits under any state or federally funded assistance program, or
(b) Fails to disclose a change in circumstances in order to obtain or continue to receive under any such program aid or benefits to which he is not entitled or in an amount larger than that to which he is entitled, or who knowingly aids and abets another person in the commission of any such act is guilty of a crime and shall be punished as provided in subsection (5).