PER CURIAM.
Appellant’s contention that section 951.22(1), Florida Statutes (1979)[1] under which he was charged because a handcuff key was found on his person while he was a prisoner, is unconstitutionally vague, is without merit. The statute meets the void-for-vagueness test set forth in Sanicola v. State, 384 So.2d 152 (Fla.1980); Russ v. State, 400 So.2d 1314 (Fla. 5th DCA 1981).
The appellant has not shown an abuse of the trial court’s discretion in denying his attorney the right to question pro *145 spective jurors on voir dire about their personal television habits. Zamora v. State, 361 So.2d 776 (Fla.3d DCA 1978), cert. denied, 372 So.2d 472 (Fla.1979).
AFFIRMED.
ORFINGER, COBB and FRANK D. UP-CHURCH, Jr., JJ., concur.

. § 951.22(1), Florida Statutes (1979) provides:
It is unlawful except through regular channels as duly authorized by the sheriff or officer in charge to introduce into or possess upon the grounds of any county detention facility ... any of the following articles which are hereby declared to be contraband for the purposes of this act, to-wit: ... any instrumentality of any nature that may be or is intended to be used as an aid in effecting or attempting to effect an escape from a county facility.