413 So.2d 863 (1982)
STATE of Florida, Appellant,
v.
Robert Samuel CRAIG, Appellee.
No. AF-251.
District Court of Appeal of Florida, First District.
May 12, 1982.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellant.
P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellee.
SHIVERS, Judge.
State seeks review of the trial court's order granting Craig's motion to dismiss the information charging him with possession of a weapon by a prison inmate. Section 944.43, Fla. Stat. (1979). We reverse.
On September 10, 1980, Craig, an inmate in Florida State Prison, was transferred to a new cell. At the time of transfer, prison officials stripped and searched Craig but found nothing unusual. On September 14, 1980, prison authorities conducted a general search of several cells, including Craig's. During the search, a homemade knife was found imbedded in his mattress. As a result, the State charged appellee with possession of a knife by a prisoner. On May 28, 1981, appellee moved to dismiss, asserting the evidence was merely circumstantial, did not demonstrate appellee knew of the knife's presence and, therefore, did not exclude every reasonable hypothesis of innocence. The trial court granted the motion. The State then filed this appeal.
The record below indicates appellee had exclusive control over the cell and its contents from September 10, 1980, through September 14, 1980. Where the premises on which contraband is found are in the exclusive possession and control of the accused, knowledge of the contraband's *864 presence and the ability to maintain control over the contraband may be inferred. Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). Further, the question of whether appellee had knowledge of the knife's presence is an ultimate fact question which cannot be appropriately resolved on motion to dismiss. Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979). Since the facts are sufficient to raise issues which must be resolved by the trier of fact, the order appealed is reversed and the cause remanded with instructions to the trial court to permit the cause to proceed in a manner consistent with this opinion.
REVERSED and REMANDED.
BOOTH and JOANOS, JJ., concur.