413 So.2d 1263 (1982)
Deborah Mary Caparco WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. AC-312.
District Court of Appeal of Florida, First District.
May 14, 1982.
*1264 James L. Harrison, Jacksonville, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This is a timely appeal from a judgment and sentence imposed after appellant was found guilty by a jury of introduction of contraband to a penal institution. We reverse and remand for a new trial due to the trial court's erroneous instruction to the jury in response to a question which arose during the jurors' deliberations.
On August 17, 1980, appellant visited the State Correctional Institution at Lawtey, Florida. At the time of her admission, appellant was searched by a correctional officer. During the search, appellant was asked to remove an item from the watch pocket of her blue jeans. Appellant complied and produced a small cellophane packet of substance which was later proven to be phencyclidine, a controlled substance. Appellant denied knowledge of the presence of the drug prior to the search.
Appellant was charged by information with possession of a controlled substance and introduction of contraband into a state penal institution. At trial, appellant testified that the pants she wore to the prison belonged to a girl with whom she had roomed for one month. She stated that she frequently exchanged clothing with her roommates and that on the morning of the alleged crime she had obtained the jeans, folded and clean, from the top shelf of her roommate's closet.
During their deliberations, the jury informed the bailiff that they wished to present a question to the court. Court was reconvened and the trial judge read aloud the following question: "Does the defendant have to have knowledge that she is in possession in order to be guilty of taking PCP into the prison?" Without consulting counsel, the trial court reread the part of the charge which related to introduction and then stated that the answer to the jurors' specific question, of whether knowledge was required, was "no." Defense counsel immediately objected to the court's rereading a portion of the instructions to the jury without first consulting with counsel and objected to the court's answering the jurors' question in the negative. Defense counsel requested the court to reread to the jury the instructions defining actual and constructive possession as well as the instructions originally given concerning knowledge. The court noted defense counsel's exception but did not further instruct the jury. Subsequently, the jury returned a verdict of not guilty on the charge of possession of a controlled substance and a verdict of guilty as to the charge of introduction of contraband into a state penal institution.
Florida Rule of Criminal Procedure 3.410 provides that additional instructions shall be given to the jury only after notice to the prosecuting attorney and to counsel for the defendant. In Ivory v. State, 351 So.2d 26 (Fla. 1977), the Florida Supreme Court held that it was prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request. The failure of the trial court to allow counsel an opportunity to participate in a discussion of what action should be taken on the jury's request constitutes reversible error. Taylor v. State, 385 So.2d 149 (Fla. 3rd DCA 1980).
*1265 In addition to the procedural error, the trial court erroneously instructed the jury that appellant did not have to have knowledge that she was in possession of the contraband in order to be found guilty of introducing that contraband into a penal institution. Doby v. State, 352 So.2d 1236 (Fla. 1st DCA 1977). If the premises in which a contraband substance is found is within the exclusive possession of the accused, it may be inferred that the accused had knowledge of the presence of the contraband, together with an ability to maintain control over it. Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). Appellant's testimony in the present case denying knowledge of the contraband presented a question of fact to the jury. The trial court's comment that knowledge was not required relieved the jury of its responsibility to determine the credibility of that testimony.
REVERSED and REMANDED for proceedings consistent with this opinion.
ERVIN, BOOTH and THOMPSON, JJ., concur.