417 So.2d 287 (1982)
STATE of Florida, Appellant,
v.
Edward OXX, Appellee.
No. 81-990.
District Court of Appeal of Florida, Fifth District.
July 21, 1982.
*288 Jim Smith, Atty. Gen., Tallahassee, and Mark Menser, Asst. Atty. Gen., Daytona Beach, for appellant.
No appearance for appellee.
COWART, Judge.
This case involves the claim that section 951.22, Florida Statutes, which makes it unlawful to introduce into, or possess upon, the grounds of any county detention facility certain contraband items, is unconstitutional because the statute does not explicitly require knowledge of the possession, which is claimed to be a necessary ingredient of an essential element of specific intent.
While appellee was a prisoner in the Orange County correctional institution, he was charged with introducing marijuana into, or possessing marijuana upon, the grounds of that institution in violation of Florida Statute 951.22, Florida Statutes (1981). Appellee filed three motions to dismiss: one attacking the sufficiency of the information itself, a 3.190(c)(4) motion directed to the facts, and a motion attacking the constitutionality of section 951.22, Florida Statutes (1981). The court subsequently granted an unspecified one of these motions to dismiss with leave to amend. The State then filed an amended information alleging the appellee did, in violation of Florida Statute 951.22, "unlawfully" introduce or possess cannabis upon the grounds of this county detention facility. The appellee then filed a fourth motion to dismiss directed towards the allegations in the information as amended. The trial court dismissed the amended information, specifically finding section 951.22 unconstitutional "in that said statute does not require mens rea or scienter on the part of the defendant as an essential element for conviction, thereby making criminal unknowing possession." The State appeals.
At common law, all crimes consisted of an act or omission coupled with a *289 requisite mental intent or mens rea.[1] Notwithstanding this common law requirement, it was long ago recognized that the legislature has the power to dispense with the element of intent and thereby punish particular acts without regard to the mental attitude of the offender.[2] However, this power is limited by certain constitutional constraints. First, an overall general distinction is drawn between statutes codifying crimes recognized at common law and statutes that proscribe conduct not prohibited at common law. The common law crimes were commonly referred to as crimes mala in se or "infamous" crimes; as such, intent was considered to be so inherent in the idea of the offense that it was deemed included as an element, even though the statute codifying the offense failed to specify an intent element.[3] In contrast, the latter category of crimes (those proscribing conduct not prohibited at common law) were generally classified as crimes mala prohibita, and the doing of the act was considered punishable, regardless of intent.[4] A second restriction on this legislative power is imposed where the statute would tend to chill the exercise of first amendment rights if intent were not required.[5] Finally, a third constitutional restriction may come *290 into play where the statute imposes an affirmative duty to act and then penalizes the failure to comply. In such an instance, if the failure to act otherwise amounts to essentially innocent conduct, the failure of the penal statute to require some specific intent or knowledge may violate due process.[6]
In the instant case, section 951.22 provides in part:
951.22 County detention facilities; contraband articles
(1) It is unlawful ... to introduce into or possess upon the grounds of any county detention facility ... any of the following articles which are hereby declared to be contraband for the purposes of this act, to wit: Any ... controlled substances as defined in s. 893.02(3)... .
As such, the statute describes a crime malum prohibitum, not malum in se, Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); nor does the statute appear to chill a person's exercise of his or her first amendment rights, Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959); nor does the statute violate Lambert v. California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), principles since it punishes certain affirmative acts, not a failure to act. Thus the legislature had the power to dispense with the element of intent in defining this crime. Therefore the trial court erred in holding the statute unconstitutional because it did not require mens rea or scienter on the part of the appellee.[7]
In its order, the trial court held that the failure of the statute to expressly require mens rea or scienter made unknowing possession a criminal offense. This is not correct. Knowledge of possession is generally considered a part of the definition of possession as used in criminal statutes making possession a crime. Section 893.13, Florida Statutes (1981), prohibiting the actual or constructive possession of a controlled substance, and its predecessors, have never specifically required "knowing" possession, yet possession has always been defined to include knowledge of the same.[8] A similar construction has been placed on other criminal possession statutes.[9] Although the legislature may punish an act without regard to any particular (specific) intent, the State must still prove general intent, that is, that the defendant intended to do the act prohibited.
Proof of an act does raise a presumption that it was knowingly and intentionally *291 done.[10] However, there is a distinction in presuming knowledge from actual possession and from constructive possession in that the State can make out a prima facie case of knowledge by proof of actual or exclusive constructive possession[11] but proof of non-exclusive constructive possession alone is insufficient to justify an implication of knowledge. In the latter situation, the State must present some corroborating evidence of knowledge to establish a prima facie case.[12]
In summary, the statute in the instant case is constitutional. Further, possession in the context of this statute means possession and knowledge of the same, and appellee's knowledge (or lack of knowledge) of his possession is, subject to an appropriate instruction, an issue for the jury.[13]
REVERSED AND REMANDED.
ORFINGER, C.J., and SHARP, J., concur.
NOTES
[1] Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952); Simmons v. State, 151 Fla. 778, 10 So.2d 436 (1942).
[2] Various criminal statutes have been upheld constitutionally and interpreted to not require intent as an element. See, e.g., State v. Houghtaling, 181 So.2d 636 (Fla. 1965) (section 517.07 prohibiting the sale of unregistered securities and section 517.12 prohibiting selling securities without being registered as a dealer or salesman); Simmons v. State (crime of committing carnal intercourse with an unmarried female under the age of eighteen of previous chaste character); La Russa v. State, 142 Fla. 504, 196 So. 302 (1940) (statute prohibiting printing lottery tickets); Coleman v. State ex rel. Jackson, 140 Fla. 772, 193 So. 84 (1939) (possessing a beverage containing more than one percent alcohol without paying excise tax); State ex rel. Lanz v. Dowling, 92 Fla. 848, 110 So. 522 (1926) (disposing of personal property that is subject to a lien without the lienee's permission); Smith v. State, 71 Fla. 639, 71 So. 915 (1916) (statute prohibiting malpractice in office); Mills v. State, 58 Fla. 74, 51 So. 278 (1910) (selling property subject to liens without the lienee's permission). Although no specific intent may be required, later cases indicate the State must still prove general intent, that is, that the defendant intended to do the act prohibited; however, intent is inferred from the act itself. See, e.g., State v. Medlin, 273 So.2d 394 (Fla. 1973) (unlawful delivery of a barbituate to a minor); Simmons v. State; La Russa v. State. If the defendant then puts intent or knowledge in issue, the question is for the jury. State v. Medlin; Broic v. State, 79 So.2d 775 (Fla. 1955) (possession of marijuana).
[3] See, e.g., Morissette v. United States (federal codification of common law crimes of theft did not dispense with intent element); Bell v. State, 394 So.2d 979 (Fla. 1981) (legislature did not intend to do away with specific intent in defining the crime of robbery).
[4] The mala prohibita crimes were considered to be regulatory in nature and were enacted to protect the public health, safety and welfare. Unlike their common law counterparts, many such crimes result from neglect where the law requires care, or inaction where the law imposes a duty to act; they may not result in direct injury to persons or property but merely create a danger or possibility of danger that the law seeks to minimize. In this sense, whatever the intent of the violator, the injury is the same. Thus, where codifying crimes mala in se, intent is required, Morissette v. United States, but where codifying crimes mala prohibita, intent can be disposed of. See, e.g., United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971) (statute making it criminal to receive or possess a firearm which is not registered does not require mens rea); United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604 (1922) (statute making it illegal to sell opium without authority did not require proof of intent); United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619 (1922) (companion case to Balint involving the same statute).
[5] See, e.g., Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959) (statute making it illegal to possess any obscene or indecent writing, without requiring scienter or mens rea, was unconstitutional in that it tended to inhibit people from validly exercising their first amendment freedoms). In this instance, although the statute may not specifically require it, scienter can be read into the statute, thus saving it from constitutional attack. See, e.g., Cohen v. State, 125 So.2d 560 (Fla. 1960). In Cohen, the Florida Supreme Court addressed a statute similar to the one previously struck down in Smith v. California. In order to find the statute constitutional, the Florida Supreme Court held scienter was impliedly included, and therefore required the State to charge and prove this element.
[6] See, e.g., Lambert v. California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957). In Lambert, a Los Angeles municipal ordinance required people previously convicted of a felony who remained in Los Angeles for a period of more than five days to register with the chief of police. Focusing on the fact that the statute punished a failure to act without requiring a showing of knowledge of the duty to act, the Supreme Court struck down the ordinance as a violation of due process.
[7] Section 951.22, Florida Statutes (1979) has previously been upheld under constitutional attacks for vagueness, see, e.g., State v. Ashcraft, 378 So.2d 284 (Fla. 1979); Gissendanner v. State, 373 So.2d 898 (Fla. 1979); McClish v. State, 404 So.2d 144 (Fla. 5th DCA 1981), and overbreath. See, e.g., State v. Ashcraft.
[8] This definition of possession has been stated various ways. See, e.g., Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981) (constructive possession entails (1) dominion and control, (2) knowledge of the existence of the contraband and (3) knowledge of the contraband's illicit nature); Daudt v. State, 368 So.2d 52 (Fla. 2d DCA), cert. denied, 376 So.2d 76 (Fla. 1979) (actual possession exists where accused has "knowing physical possession of a controlled substance"); Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977) (elements of crime of possession are the suspect's knowledge and his ability to maintain control over the substance); Willis v. State, 320 So.2d 823 (Fla. 4th DCA 1975) (actual possession exists where defendant has physical possession of the controlled substance and knowledge of such physical possession); Griffin v. State, 276 So.2d 191 (Fla. 4th DCA 1973) (possession or control means ... actual physical possession with knowledge of the same).
[9] See, e.g., Williams v. State, 413 So.2d 1263 (Fla. 1st DCA 1982) (crime of introduction of contraband into a state correctional facility (§ 944.47) requires knowledge); State v. Craig, 413 So.2d 863 (Fla. 1st DCA 1982) (crime of possession of a weapon by a prisoner (§ 944.43, Fla. Stat. (1979)) requires "knowing" possession).
[10] See, e.g., State v. Medlin, 273 So.2d 394 (Fla. 1973); Broic v. State, 79 So.2d 775 (Fla. 1955). In Medlin, the appellee was charged with unlawfully delivering a barbiturate to a minor. The evidence was undisputed that the defendant gave a minor certain pills but there was no evidence that the defendant knew the pills were barbiturates. The supreme court held that proof of doing the act raised a presumption that the act was knowingly and intentionally done. Although the defendant could put his lack of knowledge in issue, the supreme court held the issue would then be for the jury to decide. Similarly, in Broic, appellant was charged with possession of marijuana without license or authority. The defendant appealed, arguing the evidence was insufficient that he "knowingly or intentionally" possessed the drug because he was intoxicated at the time. The court held this issue was for the jury, who were not bound to believe the appellant.
[11] See, e.g., Williams v. State, 413 So.2d 1263 (Fla. 1st DCA 1982); State v. Craig, 413 So.2d 863 (Fla. 1st DCA 1982); Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981).
[12] See, e.g., Doby v. State, 352 So.2d 1236 (Fla. 1st DCA 1977).
[13] Although the appellant filed a 3.190(c)(4) motion alleging he had no knowledge of his possession of the controlled substance, appellant's knowledge of the possession can be inferred from the act of actual possession. Since knowledge, like intent, must usually be gleaned from the surrounding circumstances, that issue is for the jury and should not be disposed of via a (c)4 motion. See, e.g., State v. Craig, 413 So.2d 863 (Fla. 1st DCA 1982); Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981).