586 So.2d 1280 (1991)
The STATE of Florida, Appellant,
v.
Sheldon GRUEN, Appellee.
No. 91-51.
District Court of Appeal of Florida, Third District.
October 1, 1991.
*1281 Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., for appellant.
Addison J. Meyers, Anderson, Moss, Parks & Russo, P.A. and G. Richard Strafer, Quinon & Strafer, P.A., for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.
PER CURIAM.
The state appeals from an order granting the defendant's motion to dismiss and finding section 327.33(3)(a), Florida Statutes (1989) unconstitutional. We reverse.
The defendant, Sheldon Gruen, was charged in an amended information with two counts of violation of the navigation rules resulting in a boating accident, as proscribed by section 327.33(3)(a). Count I alleged that the defendant operated a vessel without maintaining a look-out. Count II alleged that the defendant improperly conducted a vessel in restricted visibility. The defendant filed a motion to dismiss the information alleging that section 327.33(3)(a) is unconstitutional because it is vague and lacks a mens rea requirement. The trial court found the statute unconstitutional for failing to include a mens rea requirement and granted the defendant's motion to dismiss. The state appeals.
The state contends that the trial court erred in declaring section 327.33(3)(a) unconstitutional due to the absence of an element of criminal intent. We agree.
The legislature has the power to declare conduct criminal and attach criminal sanctions to such conduct. State v. Wershow, 343 So.2d 605, 610 (Fla. 1977); State v. Gray, 435 So.2d 816 (Fla. 1983). In Smith v. State, 71 Fla. 639, 642, 71 So. 915, 916 (1916), the court stated:
While all common-law crimes consist of two elements  the criminal act or omission, and the mental element, commonly called criminal intent, it is within the power of the Legislature to dispense with the necessity for a criminal intent, and to punish particular acts without regard to the mental attitude of the doer.
The legislature's power is first limited by the nature of the proscribed conduct. In State v. Oxx, 417 So.2d 287, 289 (Fla. 5th DCA 1982), the court explained the distinction between statutes codifying crimes recognized at common law and statutes that proscribe conduct not prohibited at common law. In the common law crimes or crimes "mala in se", the intent for the offense is deemed inherent in the offense, even if the statute fails to specify intent as an element. Id. at 289. But crimes proscribing conduct not prohibited at common law or crimes "mala prohibita", which usually result from neglect, do not require any criminal intent. Id.
In the instant case, the defendant is charged with violating the duties of care imposed by the legislature in enacting section 327.33. The statute proscribes a crime resulting from reckless or careless operation of a vessel; it describes a crime "malum prohibitum". Accordingly, the legislature properly disposed of criminal intent.
The legislature's power may be further restricted by the due process clause of *1282 the Constitution.[1] This "constitutional restriction may come into play where the statute imposes an affirmative duty to act and then penalizes the failure to comply. In such an instance, if the failure to act otherwise amounts to essentially innocent conduct, the failure of the penal statute to require some specific intent may violate due process." Id. at 290. See also, Lambert v. California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957) (struck down ordinance, which required convicted felons who remained in Los Angeles for more than five days to register with police, since ordinance punished a failure to act without requiring a showing of knowledge of duty to act), reh'g denied, 355 U.S. 937, 78 S.Ct. 410, 2 L.Ed.2d 419 (1958); Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 30 S.Ct. 663, 54 L.Ed. 930 (1910) (held statute did not deny due process of law, but may be justified as a valid exercise of police power).
The statute in the instant case is distinguishable from the ordinance struck down in Lambert. Section 327.33(3)(a) does not punish mere presence, or a wholly passive conduct, or an activity totally unrelated to its goal of avoiding boating accidents. Rather, section 327.33(3)(a) regulates conduct in the course of operating a vessel; it proscribes the failure to act under circumstances that should alert the operator of the vessel to the consequences of his or her deeds. See Lambert, 355 U.S. at 228, 78 S.Ct. at 243, 2 L.Ed.2d at 231. Section 327.33 is designed to protect the public health, safety and welfare[2] of vessel operators and other persons using Florida's waterways; it is not "a law enforcement technique designed for the convenience of law enforcement agencies." See Lambert, 355 U.S. at 229, 78 S.Ct. at 243, 2 L.Ed.2d at 232. The statute properly dispensed with the criminal intent and, thus, does not violate the due process clause.
For the foregoing reasons, we find that the legislature properly dispensed with the criminal intent element. Therefore, the statute in question is not constitutionally defective. Accordingly, the trial court's order granting the defendant's motion to dismiss based on the fact that the statute was unconstitutional is hereby reversed.
Reversed.
NOTES
[1] Another restriction on the legislature's power "is imposed where the statute would tend to chill the exercise of the first amendment rights if intent were not required." State v. Oxx, 417 So.2d 287, 289 (Fla. 5th DCA 1982). The conduct proscribed by the statute in question does not bring the first amendment rights into play.
[2] In Morissette v. United States, 342 U.S. 246, 255, 72 S.Ct. 240, 246, 96 L.Ed. 288, 296 (1952), the Court discussed "public welfare offenses", which impose criminal sanctions for offenses against the public health, safety or welfare. The Court stated that "[m]any of these offenses are not in the nature of positive aggressions or invasions, with which the common law so often dealt, but are in the nature of neglect where the law requires care, or inaction where it imposes a duty." Morissette, 342 U.S. at 255-56, 72 S.Ct. at 246, 96 L.Ed. at 296-97. The Court continued: "[l]egislation applicable to such offenses, as a matter of policy, does not specify intent as a necessary element" and that, therefore, the courts construe these statutes as if they dispense with intent and hold that the guilty act alone makes out the crime. Id.