WEBSTER, Judge.
Appellant seeks review of her adjudication as a delinquent child, and subsequent disposition, for violation of section 39.061, Florida Statutes (Supp.1996), which proscribes escapes from various juvenile facilities. She argues that the trial court should have dismissed the petition alleging that she had *783 committed a delinquent act because section 39.061 does not proscribe escape from “low-risk residential” commitment facilities, as defined in section 39.01(59)(b), Florida Statutes (Supp.1996), or, if it does, its terms are unconstitutionally vague. We affirm.
Section 39.061, Florida Statutes (Supp. 1996), proscribes escapes from various juvenile facilities, including “escape[s] from any residential commitment facility defined in s. 39.01(59), maintained for the custody, treatment, punishment, or rehabilitation of children found to have committed delinquent acts or violations of law.” Appellant was charged with an escape from such a facility, which was more specifically identified as “The White Foundation Group Home.”
Appellant filed a motion to dismiss the petition, in which she conceded that “The White Foundation Group Home” is a “group treatment home” and, therefore, a “low-risk residential” commitment facility, as that term is defined in section 39.01(59)(b), Florida Statutes (Supp.1996). Appellant’s principal argument was that section 39.061 is facially unconstitutional because it fails to provide adequate notice that leaving a “low-risk residential” facility is proscribed. She premised this argument on the fact that sections 39.01(59)(c) and (d), which define “moderate” and “high-risk residential” facilities, respectively, end with language expressly stating that section 39.061 applies to children placed in programs at those restrictiveness levels, whereas section 39.01(59)(b) does not. Appellant also argued that, to the extent that section 39.061 is ambiguous, it must be construed in her favor. The trial court denied the motion to dismiss, following which appellant entered a plea of no contest, reserving her right to appeal this dispositive issue.
On appeal, appellant makes essentially the same arguments that she made in the trial court. We find those arguments unpersuasive. “A statute will withstand constitutional scrutiny under a void-for-vagueness challenge if it is specific enough to give persons of common intelligence and understanding adequate warning of the proscribed conduct.” Sanicola v. State, 384 So.2d 152, 153 (Fla.1980) (citations omitted). We fail to see how the language of section 39.061 proscribing “an escape from any residential commitment facility defined in s. 39.01(59), maintained for the custody, treatment, punishment, or rehabilitation of children found to have committed delinquent acts or violations of law” could be more clear. Section 39.01(59) defines five commitment “restrietiveness levels,” the first of which is “nonresidential,” and the rest of which are “residential.” Clearly, section 39.061 was intended to proscribe escapes from all four “residential” restrictiveness levels.
Prior to its amendment in 1994, the relevant portion of section 39.061 had proscribed only “an escape from any moderate or high risk residential commitment facility defined in s. 39.01(61)(c) and (d), maintained for the custody, treatment, or rehabilitation of children found to have committed delinquent acts or violations of law.” (Emphasis added.) Prior to 1994, sections 39.01(61)(e) and (d) defined “moderate” and “high risk residential” commitment facilities, respectively. Both paragraphs included language expressly stating that section 39.061 applied to children placed in programs at those restrictiveness levels. In 1994, section 39.061 was amended to delete the emphasized words and the references to paragraphs (c) and (d) of section 39.01(61). Ch. 94-209, § 52, at 1308, Laws of Fla. However, when the legislature amended section 39.061 to proscribe escapes from all “residential” commitment facilities, rather than merely from “moderate” and “high-risk” facilities, it neglected to add to the statutory definition of “low-risk residential” commitment facilities language similar to that which already existed in the definitions of “moderate” and “high-risk” facilities regarding the applicability of section 39.061. This apparent oversight does not, in our opinion, render section 39.061 so vague that persons of common intelligence will be unable, from reading that section, to determine what conduct is proscribed. On the contrary, it seems to us that the language of section 39.061 clearly identifies the conduct sought to be proscribed by that statute. Accordingly, we affirm the order of adjudication and disposition.
AFFIRMED.
ALLEN and MICKLE, JJ., concur.