ANTHONY BERNARD BROWN,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4365

Opinion filed November 14, 2014.

An appeal from the Circuit Court for Escambia County.
Gary L. Bergosh, Judge.

Nancy A. Daniels, Public Defender, and Zachary Lawton, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.

BENTON, J.

On direct appeal, Anthony Bernard Brown argues for reversal of his conviction for violating section 951.22(1), Florida Statutes (2012), which forbids introducing contraband into, as well as simply possessing contraband on the

grounds of, a county detention facility. Properly construed, the statute requires mens rea as an element of the offense.[1] Accordingly, although evidence sufficient to prove the offense was adduced, jury instructions allowing conviction without proof of scienter constituted fundamental error, and require reversal and remand for a new trial.

Violation of section 951.22, Florida Statutes, is a third-degree felony, § 951.22(2), Fla. Stat. (2012), for which Mr. Brown was sentenced to sixty months' imprisonment. As our supreme court has said, "'[t]he existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence.'" Chicone v. State, 684 So. 2d 736, 743 (Fla. 1996) (quoting Dennis v. United States, 341 U.S. 494, 500 (1951)), superseded by statute on other grounds, State v. Adkins, 96 So. 3d 412, 415-16 (Fla. 2012). The "United States Supreme Court has stated that offenses that require no mens rea generally are disfavored, and has suggested that some indication of legislative intent, express or implied, is required to dispense with mens rea as an element of a crime." Id. Section 951.22(1) does not differentiate between possession of contraband and its introduction insofar as requiring scienter or mens rea, and the standard jury

---

[1] Section 951.22(1), Florida Statutes (2012), provides that it is unlawful "to introduce into or possess upon the grounds of any county detention facility . . . any of the following articles which are hereby declared to be contraband for the purposes of this act, to wit: . . . any narcotic, hypnotic, or excitative drug or drug of any kind or nature, including . . . controlled substances as defined in s. 893.02(4)."

instruction offers no rationale for such a differentiation. In order to convict for introducing contraband into a county detention facility, no less than simply for possessing contraband in a county detention facility, the state must prove and the jury must find that the defendant acted knowingly. Failure so to instruct the jury in the present case was error.

Before the present prosecution began, Mr. Brown had been sentenced to serve 300 days in county jail. The trial court later granted his request to participate in a work release program, requiring his confinement at night but letting him leave to work during the day. In keeping with the rules of the work release center, Mr. Brown was patted down each time he entered the work release housing facility. On May 4, 2013, the correctional officer conducting the search discovered a bag containing marijuana in one of Mr. Brown's pants pockets.

At trial, the probation officer at the work release center testified that, when she spoke to Mr. Brown after the search, he told her he did not realize he had the contraband. Testifying in his own behalf, Mr. Brown said he left the work release center around eight on the morning of the fourth and began work in the parking lot of a convenience store detailing vehicles, then worked as a cashier at the convenience store from 6:00 p.m. until 10:00 p.m. He testified he changed clothes before beginning his shift as cashier because his clothing was wet; the only thing he put into his pants when he changed was his wallet; and he did not check the

other pants pockets.  He also testified that other people worked at the store and had access to the clothing he changed into.  He denied any knowledge of the small plastic bag containing marijuana, before the guard discovered it, and maintained he did not intend to bring marijuana into the facility.

The statute defines the offense in alternative ways:  The offense can be committed either by introducing contraband into a county detention facility or by possessing contraband on the grounds of a county detention facility.  The jury was instructed on both alternative methods for committing the offense, as follows:[2]

> [T]o prove the crime of introducing contraband articles into a county detention facility, the State must prove the following two elements beyond a reasonable doubt:
> 1.  Anthony Bernard Brown introduced contraband into or knowingly possessed contraband in a county detention facility.
> 2.  Anthony Bernard Brown did not do so through the regular channels as duly authorized by the sheriff or officer in charge of the facility.
> The Court now instructs you that for the purposes of this offense, "contraband" means: Any controlled substance.  Cannabis is a controlled substance.
> . . . .
> To "introduce" means to put inside or into.
> To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
> Possession may be actual or constructive.
> Actual means:
> A.  The controlled substance is in the hand of or on the person, or

---

[2] The jury was also instructed on the lesser-included offense of possession of less than twenty grams of cannabis.

B.  The controlled substance is in a container in the hand of or on the person,

C.  The controlled substance is so close as to be within ready reach and is under the control of the person.

If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.

We conclude both alternatives—introducing contraband into, and possessing contraband on the grounds of, a county detention facility—contemplate knowing and willful action on the part of the accused.  But the jury was told it could convict for introducing contraband even in the absence of mens rea.

Defense counsel did not object to the jury instructions on these (or any other) grounds even though counsel discussed the issue of guilty knowledge and the trial judge said, during the discussion:

> [T]here is still a knowledge component.  If somebody slipped it in his pocket and he didn't know and somebody—and you had a witness come and say I slipped it in his pocket, I was hoping he'd get it and I was hoping I'd get it from him later, he didn't know I did it, I think that would be a defense to it.

Also without objection, the prosecutor argued in closing, as follows:

> First, the State must prove that Anthony Bernard Brown, the defendant, introduced contraband into the detention facility, or, knowingly possessed contraband in the detention facility.  So there's an "or" in between there.  It's that he introduced the contraband into the facility, or that he knowingly possessed it.

5

On appeal, in arguing for reversal for failure to charge the jury that it must find he had knowingly introduced contraband in order to convict on that basis, appellant contends the omission amounted to fundamental error, as he must: His failure to object would otherwise preclude relief. See Croom v. State, 36 So. 3d 707, 709 (Fla. 1st DCA 2010).

It has been said that "for jury instructions to constitute fundamental error, the error must 'reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" Garzon v. State, 980 So. 2d 1038, 1042 (Fla. 2008) (citation omitted). Specifically, "where the trial court fails to correctly instruct on an element of the crime over which there is dispute, and that element is both pertinent and material to what the jury must consider in order to decide if the defendant is guilty of the crime charged or any of its lesser included offenses, fundamental error occurs." Daniels v. State, 121 So. 3d 409, 418 (Fla. 2013). "'[W]hether the evidence of guilt is overwhelming or whether the prosecutor has or has not made an inaccurate instruction a feature of the prosecution's argument are not [determinative or even] germane to whether the error is fundamental.'" Haygood v. State, 109 So. 3d 735, 741 (Fla. 2013) (citation omitted).

In the present case, whether the appellant introduced the contraband knowingly was disputed and, indeed, the crux of the case. The omission in the

6

instructions was plainly pertinent and material to what the jury had to consider in order to convict Mr. Brown of introducing marijuana into a county detention facility. As instructed, the jury was erroneously required to find Mr. Brown guilty if they found he entered the county detention facility with the marijuana in his pocket (a fact that was not even in dispute) even if they found he did not know the marijuana was in his pocket and did not intend to bring the marijuana into the facility. The error omitted an essential aspect or element of the offense charged, impermissibly reducing the state's burden of proof.

"A conviction that rests on alternative bases, one of which is legally inadequate, cannot be upheld, if a general verdict makes it impossible to say with certainty that the jury convicted under a theory that was legally adequate." Foster v. State, 861 So. 2d 434, 437 (Fla. 1st DCA 2002).[3] Because the jury returned a

---

[3] Although the court determined that the instruction was inadequate, the conviction was originally affirmed "[s]olely on the narrow ground of non-preservation" because trial counsel did not object to the instruction given and this court's decision in Reed v. State, 783 So. 2d 1192, 1997 (Fla. 1st DCA 2001), quashed, 837 So. 2d 366 (Fla. 2002), precluded reversal where the defense complained on appeal for the first time of an allegedly inaccurate definition of an element of a crime. Foster v. State, 861 So. 2d 434, 435, 441 (Fla. 1st DCA 2002). Subsequent to the court's decision in Foster, the supreme court quashed this court's decision in Reed and held that "misstating an element of an offense in instructing the jury—even in accordance with an often used standard jury instruction—constituted fundamental error requiring reversal without regard to the usual rules of preservation because 'the inaccurate definition of malice [the element at issue in Reed] reduced the State's burden of proof' on a disputed element." Foster, 861 So. 2d at 442-43 (on reh'g, Dec. 24, 2003) (quoting Reed v. State, 837 So. 2d 366, 369 (Fla. 2002)). Accordingly, on motion for rehearing, this court reversed the

general verdict, it is impossible to determine whether Mr. Brown's conviction rests on a jury determination that he knowingly possessed contraband or on a jury determination that he introduced contraband unawares.

The present case resembles Williams v. State, 413 So. 2d 1263 (Fla. 1st DCA 1982), where Williams was subjected to a search visiting a state correctional institution, and asked to remove an item from the watch pocket of her jeans. She complied, and produced a small cellophane packet of PCP, a controlled substance. At her trial on a charge of introducing contraband into a penal institution, Williams testified the pants belonged to a roommate, that she had taken the pants from the top shelf of her roommate's closet, and that she had no knowledge of the contraband prior to the search. During deliberations, the jury submitted the following question: "Does the defendant have to have knowledge that she is in possession in order to be guilty of taking PCP into the prison?" Id. at 1264. Without consulting counsel, the trial court informed the jury that the answer to the question was "no." Id. On appeal, we reversed, holding it was error to instruct the jury that Ms. Williams did not have to have knowledge that she was in possession of the contraband in order to be found guilty of introducing contraband into a correction institution. Id. at 1265. We said that Ms. Williams' testimony denying knowledge of the contraband "presented a question of fact to the jury. The trial

conviction and remanded for a new trial. See id.

8

court's comment that knowledge was not required relieved the jury of its responsibility to determine the credibility of that testimony." Id. See also State v. Oxx, 417 So. 2d 287, 290-91 (Fla. 5th DCA 1982) (holding the trial court had erred in holding section 951.22, Florida Statutes, unconstitutional on the ground that the failure of the statute to expressly require mens rea or scienter made unknowing possession a criminal offense, because "[a]lthough the legislature may punish an act without regard to any particular (specific) intent, the State must still prove general intent, that is, that the defendant intended to do the act prohibited," and noting "possession" in the context of the statute "means possession and knowledge of the same, and [a defendant's] knowledge (or lack of knowledge) of his possession is, subject to an appropriate instruction, an issue for the jury").

In the present case, no less than in Williams v. State, 145 So. 3d 997 (Fla. 1st DCA 2014), the "erroneous jury instructions . . . constituted fundamental error because the instructions [may well have] 'prevented the jury from being able to choose the true verdict in this case—a verdict based on the jury's application of its fair assessment of the facts concerning [Mr. Brown's] intent to the proper elements of the offense as set forth in the . . . statute.'" Id. (quoting Haygood, 109 So. 3d at 743). We are unable to conclude there is no reasonable possibility that the deficient jury instruction contributed to the verdict. Cf. Croom, 36 So. 3d at 709 ("[I]f the totality of the circumstances indicates there is no reasonable possibility

9

an alleged jury instruction error contributed to the verdict, the error is not fundamental.").

Reversed and remanded.

LEWIS, C.J. and MARSTILLER, J., CONCUR.

10