NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VALDEMAR VALDEZ, JR.,          )
                               )
          Appellant,           )
                               )
v.                             )          Case No. 2D14-4166
                               )
STATE OF FLORIDA,              )
                               )
          Appellee.            )
                               )
_____)

Opinion filed April 22, 2016.

Appeal from the Circuit Court for Highlands
County; J. Dale Durrance, Judge.

Howard L. Dimmig, II, Public Defender, and
Carol J. Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.

          Valdemar Valdez, Jr., appeals his convictions and seven-year prison

sentence for possession of cannabis, possession of drug paraphernalia, and

introduction of contraband into a detention facility. See §§ 893.13(6)(b), 893.147(1),

951.22(1), Fla. Stat. (2013). We have jurisdiction. See Fla. R. App. P. 9.140(b)(1)(A).

Because the trial court fundamentally erred in instructing the jury on introduction of

contraband into a detention facility, we reverse and remand for a new trial on that charge. We affirm, without further discussion, as to all other issues raised by Mr. Valdez.

Mr. Valdez was arrested on an outstanding warrant for failure to appear in court in an unrelated matter. A jail deputy took Mr. Valdez's belongings when Mr. Valdez entered the detention facility. The remains of a marijuana cigarette, or "roach," were found inside a locked compartment of a pendant worn by Mr. Valdez. Consequently, he was charged with, among other things, introduction of contraband into a detention facility.

At trial, Mr. Valdez testified that he did not realize there was a roach inside his pendant. He conceded, however, that he must have put it there at some point. After all, it was his pendant. During closing arguments, the prosecutor characterized this testimony as an admission that Mr. Valdez knew the roach was there. That is a stretch. Mr. Valdez's testimony falls short of establishing that he knowingly or intentionally brought the roach into the facility. Rather, his testimony shows that he did not recall it was there.

"In order to convict for introducing contraband into a detention facility, . . . the state must prove, and the jury must find that the defendant acted knowingly." Brown v. State, 150 So. 3d 281, 282 (Fla. 1st DCA 2014). Thus, the jury had to determine whether Mr. Valdez knew the roach was in the pendant. The trial court gave the following jury instruction:

> To prove the crime of introduction of contraband into a
> county detention facility the State must prove the following
> elements beyond a reasonable doubt:

First, the defendant introduced contraband into a county detention facility.

Secondly, the defendant did not do so through regular channels as duly authorized by the sheriff or officer in charge of the facility.

The trial court erred in instructing the jury that it need find only the undisputed fact that Mr. Valdez, without authority, introduced contraband into the detention facility. See id. at 284.

In Brown, a case with facts similar to those now before us, the First District held that the case hinged on whether the appellant knowingly introduced the contraband into the facility. Id. An instruction addressing knowledge, or lack thereof, was material to what the jury had to consider in order to convict the appellant. Id. The instruction in Brown required a guilty verdict if the jury found that the defendant entered the facility with marijuana in his pocket, even if they found that he did not know it was there and did not intend to bring it inside. Id. Thus, the instruction "omitted an essential aspect or element of the offense charged, impermissibly reducing the state's burden of proof." Id. Brown compels the same result with respect to the roach in Mr. Valdez's pendant.

Mr. Valdez did not object to the erroneous jury instruction. However, it is fundamental error for the trial court to give a jury instruction on introduction of contraband into a detention facility that does not require the jury to find that the introduction of contraband was done knowingly. Id. Therefore, we reverse the conviction for introduction of contraband into a detention facility and remand for a new trial on that charge.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

WALLACE and BADALAMENTI, JJ., Concur.