WINOKUR, J.
Khalef Jamal Miller appeals his convictions for attempted second-degree murder of a law enforcement officer and fleeing or attempting to elude a law enforcement officer. We affirm the convictions but write to address Miller’s claim that the trial court erroneously permitted the State to question Miller about his post-Miranda silence.
I.
Miller’s charges arose from a drug deal arranged with an undercover officer. When Miller parked at the site of the planned deal (a drugstore parking lot), a police takedown team executed a rear *180 block on Miller’s car, and Miller drove forward onto the sidewalk and hit a detective before eventually crashing his car. Miller was arrested, and after waiving his Miranda rights, spoke to Sergeant White. According to White, Miller said that he was only at the scene to go to the store.
At trial, Miller testified that after his vehicle was hit from behind, he saw a masked man with a gun pointed at him. Miller testified that he believed he was being robbed, and he reacted by trying to get away. Miller testified that he did not see the individual he hit because he was ducking to avoid the guns pointed at him. Additionally, Miller testified that he did not realize he was running from police officers, did not hear sirens, and did not see police lights. On cross-examination, the State elicited testimony from Miller that he never told Sergeant White that he believed he was being robbed or that he saw multiple guns and masked men. Defense counsel objected that questions regarding what Miller did not tell the sergeant infringed upon Miller’s Fifth Amendment right to remain silent. The court overruled the objection.
II.
Miller essentially argues that the prosecution cannot cross-examine a defendant about inconsistencies between the defendant’s trial testimony and statements that the defendant made to police. This argument misconstrues the privilege against self-incrimination.
The United States Constitution and the Constitution of the State of Florida both provide that “[n]o person shall ... be compelled in any criminal matter to be a witness against” oneself. U.S. Const, amend. V; Art. I, § 9, Fla. Const. To ensure this right, the prosecution is prohibited from commenting on the silence of a defendant who asserts it. This principle applies to comment upon the defendant’s failure to testify, Griffin v. California, 380 U.S. 609, 614, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), as well as comment upon the defendant’s failure to make a statement under custodial interrogation, Miranda v. Arizona, 384 U.S. 436, 468, n. 37, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (“In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation.”).
However, this principle is related to the privilege against compelled testimony. It does not mean that the prosecution can never inquire about a defendant’s failure to speak under any circumstances. Although a defendant cannot be compelled to take the stand in his defense, when he does so, the prosecution may inquire about his previous silence for impeachment purposes in some circumstances. More to the point in this case, this principle applies only where the defendant has actually asserted his right not to speak to police or otherwise remain silent. Because Miller spoke to police, with full knowledge of the constitutional consequences of this choice, there can be no infringement on his right to remain silent, because he knowingly waived that right.
The prosecution may not use a defendant’s post-Miranda silence for impeachment purposes. Doyle v. Ohio, 426 U.S. 610, 619, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). See also State v. Hoggins, 718 So.2d 761 (Fla.1998) (holding that the Florida Constitution prohibits the use of a defendant’s post-arrest silence, even silence occurring prior to administration of Miranda warnings). However, this prohibition “does not apply where the defendant does not invoke his Fifth Amendment priv *181 ilege against self-incrimination.” Downs v. Moore, 801 So.2d 906, 911 (Fla.2001).
In Dovms, the prosecutor asked Downs on cross-examination if at the time of his arrest he told police any of the information he testified to on direct examination; Downs replied that he did not. Id. at 910. Downs argued that this question violated his Fifth Amendment right to remain silent. The Court held that the question was not improper:
[T]he State’s question obviously was intended to impeach Downs and demonstrate to the jury that Downs’ version of events was concocted sometime after his arrest. This questioning would be inappropriate under Doyle if it referred to Downs’ post-arrest, post-Mircmcto silence and Downs had not waived his constitutional rights. However, the record in the instant case reveals that Downs waived his constitutional rights at the time of his arrest because he agreed to talk with the arresting officers .... [W]e find that Downs waived his constitutional rights and expressed a desire to talk to the police. Accordingly, we find no error with regard to the State’s question or comment.
Id. at 911-12.
The same is true here. The Fifth Amendment does not confer blanket immunity from routine cross-examination designed to test the credibility of the defendant’s testimony. When the defendant waives the privilege against self-incrimination and freely speaks to police, the State is free to treat the defendant’s testimony regarding those statements like that of any other witness. See Ivey v. State, 586 So.2d 1280, 1234 (Fla. 1st DCA 1991) (“Where the defendant does not ‘remain silent’ at the time of arrest, the constitutional right to remain silent is found not to have been exercised, and no fundamental error occurs when the prosecution points out inconsistencies in the defendant’s exculpatory statements at trial.”). Because the trial court did not err in overruling Miller’s objection to these questions, we affirm.
WOLF and WINSOR, JJ., concur.