ERVIN, Justice.
Petitioner seeks a writ of prohibition from us directed to the Criminal Court of Record of Dade County to prohibit the prosecution of Petitioner therein for the alleged violation of F.S. § 877.02(1), F. S.A. The Dade County Grand Jury indicted Petitioner, alleging that the Petitioner contrary to statute did unlawfully and intentionally, directly or indirectly, solicit legal business of and from William David McDaniels and Laura McDaniels, his wife, as natural parents and natural guardians and on behalf of their son, Bert Lee McDaniels, a minor, or procure through solicitation of said William David McDaniels and Laura McDaniels, a retainer authorizing an attorney to render legal service.
The bases upon which the writ is sought are: (1) that the Dade County Grand Jury is void and unconstitutional because *538 the statutes creating and establishing it were enacted contrary to the Florida Constitution and (2), F.S. § 877.02(1), F.S.A., the statute purporting to make it a criminal offense to solicit legal business, is unconstitutional.
The contention that the Dade County Grand Jury is without constitutional status was recently rejected by us. See State ex rel. Worthington v. Cannon, opinion filed December 8, 1965, rehearing denied January 19, 1966.
F.S. Section 877.02(1), F.S.A., reads as follows:
“(1) It shall be unlawful for any person or his agent, employee or any person acting on his behalf, to solicit or procure through solicitation either directly or indirectly legal business, or to solicit or procure through solicitation a retainer, written or oral, or any agreement authorizing an attorney to perform or render legal service, or to make it a business to solicit or procure such business, retainers or agreements; provided, however, that nothing herein shall prohibit or be applicable to banks, trust companies, lawyer reference services, legal aid associations, lay collection agencies, railroad companies, insurance companies and agencies, and real estate companies and agencies, in the conduct of their lawful businesses, and in connection therewith and incidental thereto forwarding legal matters to attorneys at law when such forwarding is authorized by the customers or clients of said businesses and is done pursuant to the canons of legal ethics as pronounced by the supreme court of Florida.”
Petitioner contends said section is void and unconstitutional because it violates Section 12 of the Declaration of Rights of the Florida Constitution, F.S.A., and the First, Fifth and Fourteenth amendments to the United States Constitution, in that the statute is too vague, indefinite and ambiguous to sufficiently define the acts which will constitute a criminal offense ; that the statute unduly inhibits, the constitutionally protected rights of freedom of speech and association, and that the statute deprives Petitioner of equal protection of the laws.
Petitioner in his argument relies upon Cramp v. Board of Public Instruction of Orange County (Fla.), 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285, holding that when a statute forbids the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application, it violated due process. He also relies upon Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102, which holds that when a statute uses words of no determinative meaning and its language is so general and indefinite as to embrace not only acts-properly and legally punishable but others-which cannot be punished, it will be declared void for uncertainty. Petitioner contends that F.S. § 877.02(1), F.S.A.,. is so broad it prohibits a friend, acquaintance or client of an attorney from recommending him to another. He cites Brotherhood of Railroad Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1, 87 S.Ct. 1113, 12 L.Ed.2d 89, to the effect a labor union could not be enjoined by a state bar association from advising its-injured members to obtain legal advice from specific lawyers it recommended. National Association for Advancement of Colored People v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405, is cited also;, it held a statute unconstitutional which, made it a crime for a person to advise another that his legal rights have been infringed and refer him to a particular-attorney.
Section 877.02(1) does not appear to us to be unconstitutionally vulnerable on the bases of the challenges urged by Petitioner.
The object of § 877.02(1) is to prohibit the solicitation of legal business by ait *539 attorney directly or by his agent or employee, or by another acting in his behalf. It does not prohibit the recommendation of an attorney by anyone to another where the one recommending has no relationship or privity with the attorney as the latter’s agent or as his employee or other similar relationship with the attorney for the purpose of soliciting legal business for him. Thus the statute does not prohibit the recommendation of an attorney by a mere volunteer or acquaintance who has no prior and continuing relationship as agent or employee or similar status with the attorney recommended which contemplates solicitation of legal business for the attorney.
The statute is a criminal statute version of some of the following quoted language from Section 28 of the Canons of Professional Ethics, 31 F.S.A. adopted by this Court governing the legal profession:
“28. Stirring Up Litigation, Directly or Through Agents.
“It is unprofessional for a lawyer to volunteer advice to bring a lawsuit, ■except in rare cases where ties of blood, relationship or trust make it his duty to do so. Stirring up strife and litigation is not only unprofessional, but it is indictable at common law. ■It is disreputable to hunt up defects in titles or other causes of action and inform thereof in order to be employed to bring suit or collect judgment, or •to breed litigation by seeking out those with claims for personal injuries or those having any other grounds of -action in order to secure them as •clients, or to employ agents or runners for like purposes, or to pay or reward, •directly or indirectly, those who bring ■or influence the bringing of such •cases to his office, or to remunerate policemen, court or prison officials, physicians, hospital attaches or others who may succeed, under the guise of ■giving disinterested friendly advice, in influencing the criminal, the sick ■and the injured, the ignorant or others, to seek his professional services. A duty to the public and to the profession devolves upon every member of the Bar having knowledge of such practices upon the part of any practitioner immediately to inform thereof, to the end that the offender may be disbarred.”
In 5 Am.Jur., Attorneys at Law, § 2, page 262, it is stated:
“§ 2, Regulation of Practice of Law. —The practice of law is affected with a public interest, and it is both the right and duty of the state to regulate and control it so that the public welfare will be served and promoted; the legislature has the power to declare acts of unauthorized practice of the law illegal and punishable by fine or imprisonment, yet there is an inherent power in the courts to control and supervise the practice of law generally, whether in or out of court, notwithstanding the acts of the legislature in exercise of its power.”
Also in 5 Am.Jur., Attorneys at Law, § 274, on pages 425 and 426, the text reads :
“§ 274. Solicitation of Business. — An attorney may be suspended or disbarred for the solicitation of employment, either personally or through others, particularly when employment is solicited in personal injury cases. Statutes have been held valid which declare that an attorney who seeks or obtains employment in any action, suit, or case by means of solicitation either personally or through others shall be disbarred, even though such statutes are limited in their application to personal injury cases. Some courts recognize a distinction between personal solicitation and the employment of agents and runners to solicit business and stir up litigation, holding the latter act much more reprehensible and calling for disbarment even though the first may not justify such punishment. * * * ”
*540 In 3 Fla.Jur., Attorneys at Law, § 94 (pp. 424 and 425) the text reads:
"§ 94. — Solicitation of Business.
“An attorney may be disciplined for the solicitation of employment, either personally, or through others, particularly when employment is solicited in personal injury actions. The ban against soliciting professional services by lawyers, either by advertising or by touter, had its origin early in the traditions of the English Bar.” [See also footnotes 17, Lambdin v. State (1942) 150 Fla. 814, 9 So.2d 192; 19, 5 Am.Jur., Attorneys at Law § 274, Annot. 14 A.L.R.2d 740; 20, State ex rel. Florida Bar v. Murrell (1954, Fla.) 74 So.2d 221.]
As interpreted above, we do not find the statute to be violative of the State or Federal Constitution. F.S. Section 877.02(1), F.S.A., falls in the class of acts mala prohibita within the province of the legislature to enact. The legislature, drawing upon its knowledge of conditions inimical to the public welfare in the community and perceiving that solicitation of legal business by an attorney or by others in privity with him and acting in his behalf represents a social evil which for many years had been denounced as an unethical practice in the legal profession, had constitutional power to make such practice a criminal offense.
As construed, we do not find this statute to be so vague, broad, indefinite and ambiguous as to render it unconstitutional. The legislative classification is confined to those particular persons and practices hereinabove indicated.
The cases relied upon by Petitioner do not appear to us to apply to the type of solicitation, of legal business denounced in the statute under consideration.
Our decision herein is limited to upholding the validity of said statute and to the denial of the writ and is not otherwise dispositive of any other questions of law or fact that have been or may be raised in the instant case.
The petition for writ of prohibition is denied.
THORNAL, C. J„ and THOMAS, O’CONNELL and CALDWELL, JJ., concur.