240 So.2d 298 (1970)
Michael David CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 39575.
Supreme Court of Florida.
October 14, 1970.
Rehearing Denied November 17, 1970.
Hughlan Long, Public Defender, and Lewis Kimler, Asst. Public Defender, for appellant.
*299 Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for respondent.
BOYD, Justice.
This cause is before us on appeal from the Criminal Court of Record, Dade County. That Court upheld the validity of Florida Statutes § 828.04, F.S.A., thereby vesting jurisdiction of the appeal in this Court under § 4 of Article V of the Florida Constitution, F.S.A.
Appellant Campbell was charged by Information with violating Florida Statutes § 828.04, F.S.A., which provides:
"Torturing or unlawfully punishing children.  Whoever tortures, torments, cruelly or unlawfully punishes, or willfully with malice, wantonly or unlawfully deprives of necessary food, clothing or shelter any person under the age of sixteen (16) years, and whoever willfully with malice or wantonly torments or deprives of necessary sustenance or raiment, or unnecessarily or excessively chastises, or mutilates his child or ward, or whoever willfully with malice or wantonly deprives such child or ward of necessary treatment and attention, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment not exceeding 2 years, or by fine not exceeding two thousand dollars ($2,000.00) or both."
Appellant's motion to dismiss the Information on constitutional grounds was denied. Subsequently he was tried and convicted of "unlawfully punishing a minor child," as set forth in count 1 of the Information and sentenced to 18 months in the State Penitentiary. He was placed on probation for 2 years.
On appeal to the District Court of Appeal, Third District, the cause was transferred here as being properly within the jurisdiction of this Court.
Appellant contends that Florida Statutes § 828.04, F.S.A. is unconstitutional in that it is too vague and indefinite to meet constitutional standards of due process. Specifically, appellant contends that the words "unnecessarily or excessively" do not sufficiently define a standard of conduct prohibited by the Statute.
We find appellant's contentions without merit. The particular words complained of, "unnecessarily or excessively" are not vague when considered in the context of the entire Statute and with a view to effectuating the purpose of the act. The fact that specific acts of chastisement are not enumerated, an impossible task at best, does not render the statutory standard void for vagueness. Criminal laws are not "vague" simply because the conduct prohibited is described in general language.[1]
In the instant case appellant was found guilty of Count 1 of the Information which charged him in the language of the Statute and, specifically, with "beating and whipping" his seven-year old stepdaughter, Christine Violet Bradtmiller, upon the head and body with his fists and a belt. * * *" The testimony of Officer Campos and others regarding the condition of this child clearly sustain the charge.
Men of common understanding can comprehend the meaning of the words "unnecessarily *300 or excessively chastise" when read in conjunction with the entire act. The conduct described by the Statute can be determined with reasonable certainty notwithstanding the various methods of disciplining children. There is no doubt that the conduct evidenced in this case constitutes unnecessary and excessive chastisement as those words are understood in their plain and ordinary meaning by reasonble men.
Accordingly, the judgment below is affirmed.
It is so ordered.
ERVIN, C.J., and THORNAL, CARLTON and ADKINS, JJ., concur.
NOTES
[1] See e.g., Williams v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951), upholding 18 U.S.C.A. § 242, providing punishment for "whoever under color of any law * * * willfully subjects * * * any inhabitants of any State * * * to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution and law of the United States * * *"; State ex rel. Farber v. Williams, 183 So.2d 537 (Fla. 1966), cert. den. 385 U.S. 845, 87 S.Ct. 42, 17 L.Ed.2d 76 (1966), upholding F.S. § 877.02(1), F.S.A., prohibiting solicitation of legal business; McArthur v. State, 191 So.2d 429 (Fla. 1966), upholding F.S. § 317.201, F.S.A., prohibiting "driving while under the influence of intoxicating liquor * * * to the extent that his normal faculties are impaired * * *."