361 So.2d 406 (1978)
STATE of Florida, Appellant,
v.
George JOYCE, Appellee.
STATE of Florida, Appellant,
v.
Alvin Leige HUTCHESON, Appellee.
Nos. 51753, 52147.
Supreme Court of Florida.
July 27, 1978.
Robert L. Shevin, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, and T. Edward Austin, State's Atty., and Jay Howell, Asst. State's Atty., Jacksonville, for appellant.
Louis R. Bowen, Jr., Public Defender, and James P. Curry, Asst. Public Defender, Orlando, for George Joyce.
Louis O. Frost, Jr., Public Defender, Jacksonville, and William A. Rathbone, Asst. Public Defender, Ponte Vedra Beach, for Alvin Leige Hutcheson, appellee.
SUNDBERG, Justice.
This cause consists of consolidated appeals from orders of the County Courts for Orange and Duval Counties, which initially and directly passed upon the constitutionality of Section 827.04(2), Florida Statutes (1975). Jurisdiction vests in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution.
Simple criminal child abuse,[1] as proscribed by Section 827.04(2),[2] may be committed *407 in two ways: (i) by depriving a child of necessary food, clothing, shelter or medical treatment, willfully or by culpable negligence; and (ii) by permitting, knowingly or by culpable negligence, the child's mental or physical health to be materially endangered.
Appellees George Joyce and Alvin Leige Hutcheson, in separate proceedings in the County Courts for Orange and Duval Counties, respectively, were charged by information with the first degree misdemeanor offense of simple child abuse. Hutcheson was charged with having committed both forms of proscribed child abuse while Joyce was charged only with permitting a material endangerment of a child's mental or physical health. Each appellee moved to dismiss the information against him on the grounds that the charging statute was vague, indefinite and overbroad. The county judges granted the motions and ordered the informations dismissed, from which orders the State has appealed to this tribunal.
Appellees contend that the county courts' invalidation of Section 827.04(2), Florida Statutes (1975), is consistent with our decision in State v. Winters, 346 So.2d 991 (Fla. 1977). There, Section 827.05, Florida Statutes (1975), which criminalized "negligent treatment of children," was declared unconstitutionally vague, indefinite and overbroad. Our decision in Winters, however, does not support the determination of the county courts that Section 827.04(2), the child abuse statute, is unconstitutional. The basis for our holding there was that the negligent treatment statute made criminal acts of simple negligence  conduct which was neither willful nor culpably negligent. Section 827.04(2), in contrast, requires willfulness (scienter) or culpable negligence. The Winters Court was careful to distinguish Section 827.04(2) on this basis.[3] As we recently concluded in upholding Section 784.05, Florida Statutes (1975), the culpable negligence statute, the term "culpable negligence" does not suffer from the constitutional infirmity of vagueness. See State v. Greene, 348 So.2d 3 (Fla. 1977). Further, the United States Supreme Court has often upheld a statute claimed to be unconstitutionally vague because scienter was an element of the offense. See United States v. National Dairy Products Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). The requirement of willfulness (scienter) or culpable negligence in Section 827.04(2), therefore, avoids the infirmity found in Winters with respect to Section 827.05  that unintentional acts or conduct which is not the product of culpable negligence might be proscribed by the statute.
We recognize that our decision in Winters also faulted the negligent treatment statute on the grounds that the term "necessary" failed to provide a guideline for determining what, less than total deprivation, constituted a deprivation great enough to fall within its proscription. This language, however, was dicta and did not form the basis for our holding. Were this not the case, we would have been compelled to address our prior decision in Campbell v. State, 240 So.2d 298 (Fla. 1970). There, we upheld the predecessor to the present Section 827.04,[4] which prohibited "unnecessarily or excessively" chastising or mutilating a child or ward, against an attack of unconstitutional vagueness. In elucidating the rationale of our decision in Campbell, we stated:
The particular words complained of, "unnecessarily or excessively" are not vague when considered in the context of the entire Statute and with a view to effectuating the purpose of the act. The fact that specific acts of chastisement are not enumerated, an impossible task at best, does not render the statutory standard void for vagueness. Criminal laws are not "vague" simply because the conduct prohibited is described in general language.
* * * * * *

*408 Men of common understanding can comprehend the meaning of the words "unnecessarily or excessively chastise" when read in conjunction with the entire act. The conduct described by the Statute can be determined with reasonable certainty notwithstanding the various methods of disciplining children.
240 So.2d at 299, 300 (footnote omitted).
Following the same reasoning, we conclude that the provision in the present statute, which prohibits the willful or culpably negligent deprivation of "necessary food, clothing, shelter or medical treatment," is not constitutionally defective. We expressly recede from the aforementioned dicta in Winters to the extent that it may be construed as being inconsistent with our determination herein.
Similarly, we uphold the prohibition in Section 827.04(2) against, knowingly or by culpable negligence, permitting the physical or mental health of a child to be "materially endangered." Webster's New 20th Century Dictionary (2d Ed. 1957) defines both terms. "Materially" is defined as "to an important degree" and "endanger" is defined as "to expose to danger." It is clear from this phrase that the statute contemplates conduct which, in a significant way, permits the physical or mental health of a child to be exposed to danger. This language is sufficient to inform men of common understanding of the acts which the statute seeks to prosecute.
For the reasons expressed, therefore, we reverse the orders of the County Courts for Orange and Duval Counties finding Section 827.04(2), Florida Statutes (1975), to be unconstitutionally vague, and each cause is remanded for proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
BOYD, J., concurs specially with an opinion.
BOYD, Justice, concurring specially.
In State v. Winters, 346 So.2d 991 (Fla. 1977), the "negligent treatment of children" statute, Section 827.05, Florida Statutes, was under attack for vagueness. The Court struck the statute because criminal penalties could be inflicted on someone for an act of simple negligence. But, the Court said more. It stated, at 993,
Depending upon the standard adopted, any given shelter, whether in the suburbs or the ghetto, could be found to fall short of "necessary shelter." Similarly, each person must ask just how much and what quality of food, clothing, shelter and medical treatment he must provide to avoid jeopardy. Nothing in the statute gives us the answer. There are no guidelines.
It appeared to me that in striking the statute the Court faulted its wording of both the "necessary shelter" and the "simple negligence" elements. I dissented on both counts. I am happy to see the Court, today, recede from language in Winters which, at the very least, intimates that in matters of child abuse a standard of what is "necessary" for a child's welfare is too vague to apprise the public of unlawful conduct. I concur in all aspects of the majority opinion.
NOTES
[1] As distinguished from aggravated child abuse, which is proscribed by § 827.03, Fla. Stat. (1975).
[2] § 827.04(2), Fla. Stat. (1975), provides: "Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, permits the physical or mental health of the child to be materially endangered, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
[3] 346 So.2d at 993, n. 1.
[4] § 827.04, Fla. Stat. (1969).