425 So.2d 187 (1983)
Ramona JAKUBCZAK, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2350.
District Court of Appeal of Florida, Third District.
January 18, 1983.
*188 Samek & Besser and Lawrence Besser, Miami, for appellant.
Jim Smith, Atty. Gen., and William P. Thomas, Asst. Atty. Gen., for appellee.
Before BASKIN and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Appellant and her husband were charged with aggravated child abuse in violation of Section 827.03(1) and (2), Florida Statutes (1979).[1] The three-count information alleged:
Count I
... David Allen Jakubczak II and Ramona Jakubczak .. . by act, ommission [sic] or neglect did cause unnecessary and unjustifiable pain or suffering upon David Allen Jakubczak III, an infant under the age of eighteen (18) years, to-wit: contusions about the face and head and bleeding in the left eye, in violation of Florida Statute 827.03(2).
Count II
... David Allen Jakubczak II and Ramona Jakubczak .. . by act, ommission [sic] or neglect did cause unnecessary and unjustifiable pain or suffering upon David Allen Jakubczak III, an infant under the age of eighteen (18) years, to wit: three (3) fractures of the skull and internal bleeding, in violation of Florida Statute 827.03(2).
Count III
... David Allen Jakubczak II and Ramona Jakubczak .. . did unlawfully and knowingly commit aggravated battery upon David Allen Jakubczak III, by intentionally and knowingly causing great bodily harm, permanent disability, or permanent disfigurement to said David Allen Jakubczak III, an infant under the age of eighteen (18) years, to wit: three (3) fractures of the skull and internal bleeding, in violation of Florida Statute 827.03(1).
At the close of the state's case the trial court granted appellant's motion for a judgment of acquittal as to count III. On the charge in the first count of the information, the jury found the defendant guilty of a lesser included offense of child abuse  a violation of Section 827.04(2), Florida Statutes (1979).[2] On the second count the jury found the defendant guilty of aggravated child abuse. Appellant was sentenced to seven years imprisonment on the second count and one year imprisonment on the first count, the sentences to run concurrently.
There is no legal insufficiency of the evidence which requires reversal of the conviction on the lesser included offense of child abuse. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, ___ U.S. ___, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). A jury could reasonably have found appellant guilty of *189 child abuse by an act of omission or culpable negligence from the fact that she left the nine-week old child with her husband (who was also convicted) knowing that he was often not in control of his mental faculties because of an abuse of alcohol or drugs, and also knowing that the infant had previously suffered serious injuries  not self-inflicted  while in the exclusive care and custody of the husband. Alternatively, the jury could have found the defendant's failure to seek prompt medical attention for the injured child an act of negligent abuse.
We reverse the conviction for aggravated child abuse as charged in the second count of the information. The trial court properly granted the defendant's motion for a judgment of acquittal as to the third count of the information expressly because the state failed to produce sufficient evidence that the appellant, rather than her husband, had actually inflicted the injuries which led to this prosecution. Our review of the record supports that determination.
A plain reading of section 827.03(2) as compared to section 827.04, as well as the history of the statutes, leads us to conclude that the legislature intended to punish under section 827.03 only acts of commission done with specific intent.[3] Sections 827.04 (child abuse)[4] and 827.05 (negligent treatment of children)[5] expressly provide that there can be a conviction for failure to do something which is required to be done; section 827.03 does not. What is now section 827.03 was amended in 1965 to substitute "willfully with malice, wantonly, or unlawfully" in the place of "willfully, unlawfully or negligently" as a description of the offenses. [e.s.] At the same time the penalty was increased. See Historical Note, West's F.S.A. § 827.03 (1976). Because the record is devoid of sufficient evidence, circumstantial or otherwise, to establish willful acts of commission by appellant, as the court found in entering judgment of acquittal on count III, and because section 827.03 is not violated by acts of negligence, judgment of acquittal should have been entered on Count II as well.
Affirmed in part; reversed in part, and remanded with instructions to enter an acquittal on the charge of aggravated child abuse.
BASKIN, Judge (concurring in part, dissenting in part).
I disagree with the majority holding that only acts of negligence, insufficient to establish malice under section 827.03(2), Florida Statutes (1979), were proved with regard to Mrs. Jakubczak. The jury found Mrs. Jakubczak guilty of child abuse as a lesser included offense of count I. The evidence was sufficient to support a determination that Mrs. Jakubczak's conduct in leaving her child with her husband constituted a willful act under count II in light of testimony that, on previous occasions, Mr. Jakubczak had inflicted injuries upon the nine-week-old infant and that Mrs. Jakubczak assisted in concealing those injuries. I would affirm the convictions.
NOTES
[1] Prior to trial the defendant's husband pleaded guilty to one count of child abuse.
[2] § 827.04(2), Fla. Stat. provides:

Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, permits physical or mental injury to the child, shall be guilty of a misdemeanor of the first degree... .
[3] The words "omission" and "neglect", as used in counts I and II of the information to describe the offenses which allegedly constitute violations of Section 827.03, Florida Statutes (1979), do not appear in the statute. The statute provides, in pertinent parts:

827.03 Aggravated child abuse.  Whoever:
(1) Commits aggravated battery on a child;
(2) Willfully tortures a child;
(3) Maliciously punishes a child; or
(4) Willfully and unlawfully cages a child shall be guilty of a felony of the second degree... .
[4] See n. 2, supra.
[5] § 827.05, Fla. Stat. provides:

Whoever, though financially able, negligently deprives a child of, or allows a child to be deprived of necessary food, clothing, shelter or medical treatment or permits a child to live in an environment, when such deprivation or environment causes the child's physical or emotional health to be significantly impaired or to be in danger of being significantly impaired shall be guilty of a felony of the third degree... .