PATTERSON, Judge.
The state appeals the dismissal of the charge against Smith for driving with a suspended driver’s license causing death or serious injury, pursuant to section 322.34(3), Florida Statutes (1991), a third-degree felony. In dismissing the charge, the trial court cited State v. Winters, 346 So.2d 991 (Fla.1977), and State v. Joyce, 361 So.2d 406 (Fla.1978), and found the statute to be unconstitutional. We agree that the statute unconstitutionally criminalizes simple negligence based on Winters and Joyce, and thus, we affirm the dismissal of the charge.
The state charged Smith with the violation of section 322.34(3), Florida Statutes (1991), which provides:
Any person whose driver’s license has been canceled, suspended, or revoked pursuant to s. 316.655, s. 322.26(8), s. 322.-27(2), or s. 322.28(2) or (5) and who operates a motor vehicle while his driver’s license is canceled, suspended, or revoked and who by careless or negligent operation thereof causes the death of or serious bodily injury to another human being, is guilty of a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083.
The offense is comprised of three distinct elements: (1) a person operates a motor vehicle when his or her driver’s license is cancelled, suspended or revoked pursuant to the enumerated sections; (2) such person operates the motor vehicle in a careless or negligent manner (“careless” and “negligent” are synonymous and therefore redundant); and (3) the negligent operation of the vehicle results in the death of or serious bodily injury to another human being. Subsections 322.34(1), (2), and (4) make the operation of a motor vehicle with a cancelled, revoked, or suspended driver’s license, unconnected with any other unlawful act, a misdemeanor. The legislature has covered the field, so to speak, of criminal conduct which results from the operation of a motor vehicle while a driver’s license is cancelled, suspended, or revoked or which results in death or bodily injury from culpable or reckless actions.
Section 782.07, Florida Statutes (1991), provides that the killing of a human being by culpable negligence is the felony of manslaughter. “Culpable negligence” is conduct of a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects. Getsie v. State, 193 So.2d 679 (Fla. 4th DCA 1966), cert. denied, 201 So.2d 464 (Fla.1967). If the culpable negligence results in injury rather than death, the offense is a misdemeanor. See § 784.05(2), Fla.Stat. (1991). The term “culpable negligence” is not unconstitutionally vague. State v. Greene, 348 So.2d 3 (Fla.1977).
Section 782.071, Florida Statutes (1991), makes the killing of a human being by the *357 operation of a motor vehicle in a reckless manner a felony. In determining this statute to be constitutional, our supreme court said in McCreary v. State, 371 So.2d 1024, 1026 (Fla.1979) (footnote omitted):
Certainly, it is within the authority of the legislature to make punishable as a third-degree felony reckless driving which results in the killing of a human being where the degree of negligence falls short of culpable negligence but where the degree of negligence is more than a mere failure to use ordinary care.
The court went on to hold:
Furthermore, we find that section 782.071 is not unconstitutionally vague or indefinite. It gives sufficient warning as to what is proscribed when measured by common understanding and practice. The conduct prohibited by this statutory provision is reckless driving, likely to cause death or great bodily harm, which results in the killing of another human being.
McCreary, 371 So.2d at 1027.
The issue presented here is whether the legislature may make simple negligence in operating a motor vehicle a crime; and if not, whether the combination of a civil infraction and the offense of driving under a cancelled, revoked or suspended license may constitute a new and distinct crime. First, we consider the act of simple negligence as a crime. In State v. Winters, 346 So.2d 991 (Fla.1977), Winters was charged with the misdemeanor offense of “negligent treatment of children.” The trial court determined the statute to be unconstitutionally vague. In upholding the trial court, our supreme court said:
Section 827.06 provides criminal penalties for acts of simple negligence. Under the statute, a person with no intent to do a wrong may be punished. His action need not be willful nor culpably negligent. By his affirmative act of negligence or his negligent failure to act, he violates the statute. Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
[[Image here]]
Although the goal of the Legislature in promulgation of such legislation to protect the public health, welfare and safety of children is not only laudable but essential, there must exist some guidelines to instruct those subject thereto as to what will render them liable to its criminal sanctions. No such standards have been provided in Section 827.05. Criminal penalties may be inflicted on anyone who, by an act of commission or omission involving only simple negligence, fails to meet the nebulous test of what is necessary. Such a statute lends itself to the unacceptable practice of selective prosecution.
For the foregoing reasons, we find Section 827.05, Florida Statutes, to be unconstitutionally vague, indefinite and over-broad.
Accordingly, we hold 827.05 to be unconstitutional and affirm the order of trial court granting the motion to dismiss the indictment.
Winters, 346 So.2d at 993-94 (footnote omitted). The decision in Winters appears to have turned on the vagueness of the phrase “necessary food, clothing, shelter, or medical treatment” and not precisely on the issue of simple negligence as a crime.
The court in State v. Joyce, 361 So.2d 406 (Fla.1978), clarified this apparent confusion. Joyce addressed the constitutionality of section 827.04(2), Florida Statutes (1975), which defined “simple child abuse” as depriving a child of necessities by willful conduct or culpable negligence. In determining the statute to be constitutional and in distinguishing Winters, the court said:
Appellees contend that the county courts’ invalidation of Section 827.04(2), Florida Statutes (1975), is consistent with our decision in State v. Winters, 346 So.2d 991 (Fla.1977). There, Section 827.05, Florida Statutes (1975), which criminalized “negligent treatment of children,” was declared unconstitutionally vague, indefinite and overbroad. Our decision in Winters, *358 however, does not support the determination of the county courts that Section 827.-04(2), the child abuse statute, is unconstitutional. The basis for our holding there was that the negligent treatment statute made criminal acts of simple negligence— conduct which was neither willful nor culpably negligent. Section 827.04(2), in contrast, requires willfulness (scienter) or culpable negligence. The Winters Court was careful to distinguish Section 827.04(2) on this basis_ The requirement of willfulness (scienter) or culpable negligence in Section 827.04(2), therefore, avoids the infirmity found in Winters with respect to Section 827.05 — that unintentional acts or conduct which is not the product of culpable negligence might be proscribed by the statute.
... We recognize that our decision in Winters also faulted the negligent treatment statute on the grounds that the term “necessary” failed to provide a guideline for determining what, less than total deprivation, constituted a deprivation great enough to fall within its proscription. This language, however, was dicta and did not form the basis for our holding.
Joyce, 361 So.2d at 407 (footnote and citations omitted). Accordingly, it is clear that simple negligence, standing by itself, cannot constitute a criminal act. For example, as applied to the operation of a motor vehicle, the offense of “careless driving” provided in section 316.1925, Florida Statutes (1991), is a traffic infraction punishable by a civil penalty pursuant to section 316.655(1)(3), Florida Statutes (1991), rather than criminal sanctions.
The state relies heavily on State v. Gruen, 586 So.2d 1280 (Fla. 3d DCA 1991), review denied, 593 So.2d 1051 (Fla.1991), to arrive at the opposite conclusion. Gruen addresses the constitutionality of section 327.33(3)(a), Florida Statutes (1989). That statute provides that the operation of a vessel in violation of navigation rules which results in a boating accident, without reckless conduct, is a misdemeanor of the second degree. The conduct proscribed does not relate to negligent operation of a vessel; it relates to the operation of a vessel in violation of the navigational rules, and the reason for the violation is irrelevant. It is noteworthy that the term “careless,” i.e. “negligent,” appears in only section 327.33(2) where the “careless operation” of a vessel is made a noncriminal violation. Therefore, Gruen is inapplicable to this case.
We now turn to the question of whether simple negligence in operating a motor vehicle, which is not a crime, when combined with the operation of a motor vehicle under a cancelled, suspended, or revoked license, which is a separate crime in and of itself, can result in a new and distinct criminal offense. We determine, in the context of this statute, that it cannot. This is not an analogous situation to DUI manslaughter, in which the mere act of operating a motor vehicle while intoxicated is reckless, and thus, culpable conduct. See Baker v. State, 377 So.2d 17, 20 (Fla.1979). In Baker, the court justified the imposition of criminal sanctions without regard to proximate cause as a deterrent to the serious social problem of drunk driving.[1] 377 So.2d at 20.
The conduct section 322.34(3) condemns is the operation of a vehicle without the proper credentials and subsequent injury as a result of that vehicle operation. No causal connection exists between driving with a cancelled, suspended or revoked license and an accident involving death or serious injury. Certainly, driving with an invalid license is not the legal cause of any subsequent injury. See Todd v. State, 594 So.2d 802 (Fla. 5th DCA 1992) (commission of misdemeanor was not legal cause of victim’s death to support manslaughter conviction). While some may argue that a driver who has suffered the suspension or revocation of his driver’s license naturally poses a greater threat on the highways than a person with a faultless driving record, that is not necessarily the case in any given situation of simple negligence. The failure to apply the brakes, or the failure to see a stop *359 sign partially obscured by a tree, relates solely to the state of mind and attentiveness of the driver at that given point in time and in light of all of the surrounding circumstances, not upon the status of the operator’s driver’s license. Compare individuals who drive without a valid license because .they never bothered to apply for one to the individuals with “perfect” records because their violations of the traffic laws have escaped the observation of law enforcement. There simply is no “causation-in-fact” between the status of a person’s privileges and subsequent injury. Therefore, simple negligence cannot be used to bootstrap a misdemeanor into a felony.
We affirm the trial court based on Winters and Joyce.
HALL, A.C.J., and THREADGILL, J., concur.

. In 1986, the legislature amended the DUI manslaughter statute. § 316.193(3)(c), Fla.Stat. (Supp.1986). The Florida Supreme Court in Magaw v. State, 537 So.2d 564 (Fla.1989), examined the legislative history and held that the amended statute required proof of a causal relationship between the manner in which the defendant operated the vehicle and the victim's death.