WHATLEY, Judge.
The State appeals the order dismissing the charges against the appellees for improper disposal of hazardous waste in violation of section 403.727(3)(b), Florida Statutes (1999). The charges were dismissed based on the trial court’s finding that section 403.727(3)(b) made a crime out of ordinary negligence. The order dismissing the charges states that section 403.727(3)(b) is unconstitutionally vague. We reverse.
The informations filed against the appel-lees charged that on March 7 and 8, 1999, they:
[D]id knowingly or by exhibiting reckless indifference or gross careless disregard for human health, did transport or caused to be transported a hazardous waste to a facility which does not have a permit when such a permit is required, or did dispose of a hazardous waste at a place not a hazardous waste facility with a current and valid permit issued pursuant to Florida Statute 403.722, in violation of Florida Statute(s) 403.727(3)(b)(l)(2)a [sic]; 777.011.
*592 The appellees’ attorneys explained at the hearing and in the motions to dismiss that the appellees were employees of the water management facility in Collier County. They were directed by their superiors to dilute a sulfuric acid spill on the grounds of the facility and transfer it to a retention pond that was also on the grounds of the facility.
Section 403.727(3)(b), Florida Statutes (1999), provides in pertinent part as follows:
Any person who knowingly or by exhibiting reckless indifference or gross careless disregard for human health:
1. Transports or causes to be transported any hazardous waste, as defined in s. 403.703, to a facility which does not have a permit when such a permit is required under s. 403.707 or s. 403.722;
2. Disposes of, treats, or stores hazardous waste:
a. At any place but a hazardous waste facility which has a current and valid permit pursuant to s. 403.722....
is, upon conviction, guilty of a felony of the third degree....
The State contends that the trial court erred in finding section 403.727(3)(b) unconstitutional because the statute proscribes culpably negligent conduct using the terms “by exhibiting reckless indifference or gross careless disregard” and those terms have long been understood in Florida to define culpable negligence. See State v. Greene, 348 So.2d 3, 4 (Fla.1977). The appellees concede this fact, and they acknowledge that the Florida Supreme Court has held that “culpable negligence” is not void for vagueness. See State v. Joyce, 361 So.2d 406, 407 (Fla.1978). However, the appellees argue that for several other reasons, the language of section 403.727(3)(b) is so unclear and ambiguous that persons of reasonable intelligence must guess at what conduct is prohibited. See State v. Delgrasso, 653 So.2d 459, 462 (Fla. 2d DCA 1995) (“A legislative enactment will not be declared vague unless the statute fails to give persons of ordinary intelligence fair notice of what constitutes the forbidden conduct and which, because of imprecision, may invite arbitrary and discriminatory enforcement.”).
First, the appellees argue that the confusing nature of the statute is evidenced by the State’s incorrect citation of it in the informations filed against them. As the appellees acknowledge, however, the State merely failed to insert an ampersand between subsections (1) and (2) when it cited “403.727(3)(b)(l)(2)a” as the statute the ap-pellees were charged with violating. The State’s mistake in citing a statute in an information does not mean that the statute is confusing, nor does it reveal any constitutional infirmity with the statute.
Second, the appellees argue that subsection 403.727(3)(b)(2) contains two inconsistent “intent requirements” that prevent a person of ordinary intelligence from understanding what conduct is prohibited. Specifically, the appellees assert that while the prohibited activities in section 403.727(3)(b) are qualified by the requirement that the person was acting “knowingly or by exhibiting reckless indifference or gross careless disregard for human health,” two of the prohibited activities listed under subsection 403.727(3)(b)(2) contain the additional requirement that the “violation has a substantial likelihood of endangering human health, animal or plant life, or property.” § 403.727(3)(b)(2)(b)(c). The appellees maintain that the only reasonable explanation for these inconsistent “intent requirements” is that the drafter of the statute realized that the statute criminalized merely negligent conduct and inserted the “knowingly or by exhibiting reckless indifference or gross careless dis *593 regard for human health” language as an afterthought. They argue that inserting this allegedly inconsistent intent language after the fact fails to give persons of ordinary intelligence fair notice of the conduct the statute is intended to prohibit.
We do not accept the appellees’ surmise regarding the drafter’s thought process or the appellees’ characterization of the statute as encompassing two inconsistent “intent requirements.” Even if we did, the appellees have in effect admitted that the statute does not criminalize ordinary negligence because it requires culpable negligence. The appellees further admit that culpable negligence is required by the subsections with which they were charged, 403.727(3)(b)(l) and (2)(a). In reviewing the trial court’s determination that the statute is unconstitutionally vague, we are limited to a consideration of only those portions of the statute with which the ap-pellees were charged. State v. Barnes, 686 So.2d 633, 636 (Fla. 2d DCA 1996) (When confronted with a constitutional challenge to criminal statute not involving First Amendment interests, the court must examine the “challenge in light of the facts before [it] and judge the constitutionality of the statute on an as-applied basis because ‘[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts at hand.’ ’O.[1]
Third, the appellees argue that the statute is essentially incomprehensible because it does not intelligibly distinguish between hazardous waste and hazardous substance. However, as the appellees acknowledge, the portion of the statute with which they were charged refers only to hazardous waste and the detailed definition of that term includes liquids. § 403.703(21);[2] see also § 403.703(13).[3] Whether the acid spilled in this case is a liquid that is encompassed by the definition of hazardous waste is an issue to be addressed at trial; it is not an issue that goes to the constitutionality of the statute.
Fourth, the appellees contend that the statute is vague because of an alleged inconsistency between section 403.727(3)(b), which contains the qualifier of “reckless indifference or gross careless disregard for human health,” and the definition of *594 hazardous waste, which contains the qualifier of being a “hazard to human health or the environment.” § 403.703(21). The ap-pellees argue that because of this alleged inconsistency, a person could be convicted of violating section 403.727(3)(b) if the only threat posed by the hazardous waste was to the environment. The appellees’ argument is based on a misreading of the statute, which does not contain an inconsistency. As amicus Department of Environmental Protection explains:
If the only threat posed by the hazardous waste in question is to the environment, and there is no threat to human health, then the State will not be able to prove that the person who transported or disposed of such waste at an unper-mitted facility did so with “reckless indifference or gross careless disregard for human health.”
The appellees’ final argument poses a series of hypothetical questions relative to the intent required by the statute. These questions do not address whether the statute is unconstitutional as applied to the appellees. See Dickerson v. State, 783 So.2d 1144, 1147 (Fla. 5th DCA 2001) (Where a defendant has not shown that his conduct fell within the application of the statute at issue, he “cannot challenge the statute for vagueness with respect to the. hypothetical conduct of others.”). Whether the appellees acted “knowingly or by exhibiting reckless indifference or gross careless disregard for human health” is a factual determination to be made at trial.
We hold that the trial court erred in declaring section 403.727(3)(b) unconstitutional and in dismissing the charges against the appellees because the appellees have not overcome the strong, presumption of constitutionality accorded section 403.727(3)(b). See Barnes, 686 So.2d 633 (The law affords legislative acts a strong presumption of constitutionality.).
Accordingly, we reverse and remand with directions to reinstate the charges.
Reversed and remanded.
FULMER, A.C.J., and STRINGER, J., Concur.

. We note that in their motion to dismiss, the appellees also argued that section 403.727(3)(b), Florida Statutes (1999), was unconstitutionally overbroad. " 'The over-breadth doctrine applies only if the legislation " ‘is susceptible of application to conduct protected by the First Amendment.’ ” ’ ” Southeastern Fisheries v. Dep't of Natural Res., 453 So.2d 1351, 1353 (Fla.1984) (quoting Carnearte v. State, 384 So.2d 1261, 1262 (Fla.1980)). Section 403.727(3)(b) does not invoke First Amendment interests.

. Section 403.703(21) provides as follows:
"Hazardous waste" means solid waste, or a combination of solid wastes, which, because of its quantity, concentration, or physical, chemical, or infectious characteristics, may cause, or significantly contribute to, an increase in mortality or an increase in serious irreversible or incapacitating reversible illness or may pose a substantial present or potential hazard to human health or the environment when improperly transported, disposed of, stored, treated, or otherwise managed. The term does not include human remains that are disposed of by persons licensed under chapter 470.

.Section 403.703(13) provides as follows:
"Solid waste" means sludge unregulated under the federal Clean Water Act or Clean Air Act, sludge from a waste treatment works, water supply treatment plant, or air pollution control facility, or garbage, rubbish, refuse, special waste, or other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from domestic, industrial, commercial, mining, agricultural, or governmental operations. Recovered materials as defined in subsection (7) are not solid waste.